# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ANTHONY DAVILLA,

    Plaintiff,

v.

HARRELL WATTS; RAYMOND E. HOLT; D. EDGE; JOHN V. FLOURNOY; KEN HARRIS, JR.; and SAM KIRCHOFF,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-171

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATON

Presently before the Court are Plaintiff's Motion for Preliminary Injunction, and/or in the Alternative for Summary Judgment, (doc. 9), and Plaintiff's Motion for Extension of Time, (doc. 13). For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction, (doc. 9). The Court **DISMISSES as moot** Plaintiff's Motion for Extension of Time, (doc. 13).

## BACKGROUND

Plaintiff, a practitioner of the Santeria religion, filed this action on December 8, 2015, alleging that Defendants violated his free exercise rights under the First Amendment, his rights under the Religious Freedom Restoration Act, ("RFRA"), and his rights under the Equal Protection Clause of the Fifth Amendment. (Doc. 1.) On April, 28, 2016, the Court conducted the requisite frivolity review of Plaintiff's Complaint. (Doc. 5.) Therein, I concluded that Plaintiff set forth viable claims for relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971), and the RFRA but recommended that the

Court deny Plaintiff's Motion for a Preliminary Injunction. (Id. at p. 1.) On June 17, 2016, the Court adopted the Report and Recommendation, over Plaintiff's Objections. (Doc. 8.)

On August 2, 2016, Plaintiff filed a Motion for Preliminary Injunction, and/or in the Alternative for Summary Judgment.[1] (Doc. 9.) Defendants filed a Response to Plaintiff's Motion for Preliminary Injunction, (doc. 12), and Plaintiff filed a Motion for Extension of Time to File a Reply to Defendants' Response, (doc. 13). On September 27, 2016, Plaintiff filed a Surreply to Defendants' Response in Opposition to his Motion for Preliminary Injunction, which the Court considers timely filed. (Doc. 14.)

## DISCUSSION

In Plaintiff's Motion for Preliminary Injunction, Plaintiff requests that this Court enjoin Defendants from violating his First Amendment rights and his rights under the RFRA and the Equal Protection Clause of the Fifth Amendment to the United States Constitution. (Doc. 9, p. 1.) Specifically, Plaintiff appears to request that the Court order Defendants to: (1) provide additional cigars for use in religious ceremonies; (2) allow Plaintiff to exercise his religion indoors; and (3) institute a standardized practice for inmates practicing Santeria. (Id. at pp. 2–5.)

To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to

---

[1] At this stage of the case, the Court construes Plaintiff's Motion as a Motion for Preliminary Injunction, as opposed to alternatively construing Plaintiff's Motion as a Motion for Summary Judgment. "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). Here, Defendants have only recently been served with Plaintiff's Complaint, and have not yet answered Plaintiff's Complaint. Plaintiff may file a Motion for Summary Judgment at a later date, but he must comply with the applicable Federal Rules of Civil Procedure, as well as this Court's Local Rules, if he chooses to do so.

2

prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. Plaintiff has continued to practice his religion and continues to have access to cigars for his spiritual

3

mass. (Doc. 12, p. 12.) Furthermore, because Plaintiff's request pertains specifically to prison policies governing how inmates may practice their religion while also maintaining order and security–a matter squarely within the realm of prison administration–an order or injunction granting such relief on this record would be broader and more intrusive than necessary to remedy any potential constitutional violation. This is not to say that Plaintiff will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a Preliminary Injunction. (Doc. 9.) The Court considers Plaintiff's Surreply to Defendants' Response timely filed and **DISMISSES as moot** Plaintiff's Motion for Extension of Time to File a Reply to Defendants' Response. (Doc. 13.)

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction, (doc. 9). The Court **DISMISSES as moot** Plaintiff's Motion for Extension of Time, (doc. 13).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff and Defendants.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA